Pfeifer, J.,
dissenting.
{¶ 12} We have been asked whether Ohio follows the “at the well” rule (which permits the deduction of postproduction costs) or the “marketable product” rule (which limits the deduction of postproduction costs under certain circumstances) in the calculation of royalties under an oil and gas lease. I would answer the question certified by the federal court, and I would state that Ohio follows the marketable-product rule.
{¶ 13} The marketable-product rule appropriately gives lessors the benefit of the bargain they sought in the leases at issue here — one-eighth of the value of the material pulled from the land. Three significant factors influence my answer: the complete control that lessees have over postproduction costs, the ease with which these costs could be manipulated, and the fact that, in most instances, the lessee drafts the lease document.
*528 {¶ 14} Because there is no longer a market at the wellhead, the amount due a lessor should be based on the price at the first discernible market downstream. Adopting this rule would, of course, result in all future leases being more finely crafted to incorporate postproduction costs — all the better. In the meantime, lessors would not be forced to pay for a share of postproduction costs unless specifically required to do so by the lease.
{¶ 15} I would adopt the marketable-product rule. I dissent.